Magistrate Judge S. Kate Vaughan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> OSCAR HERNANDEZ-TALAVERA, a.k.a. MIGUEL SANABRIA CEJA <br><br> Defendant. | CASE NO.   MJ25-753 <br><br> COMPLAINT for VIOLATION <br><br> Title 8, U.S.C., § 1326(a) |

BEFORE S. Kate Vaughan, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

### Reentry of Removed Alien

On or about January 19, 2023, at King County, within the Western District of Washington, OSCAR HERNANDEZ-TALAVERA, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the

Complaint - 1
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, § 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Immigration and Customs Enforcement Deportation Officer Robert Chin, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Deportation Officer (DO) with U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), Department of Homeland Security (DHS), and have been so employed since August 2020. Prior to this, I was an Immigration Services Officer with U.S. Citizenship and Immigration Services (USCIS) from November 2017 to August 2020.

2. I graduated from the Basic Immigration Enforcement Training Program with ICE ERO at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in March 2021. I also graduated from the Immigration Services Officer Basic Training Program with USCIS at FLETC in Charleston, South Carolina in June 2018. I have received training in enforcing Titles 8 and 18 of the United States Code, as well as the Immigration and Nationality Act (INA) of the United States. I am trained in locating, apprehending, processing, and removing any removable non-United States citizens.

3. Based on my training and experience, I know the following:

   a. Every person has a unique set of fingerprints. Unique identification numbers—including, but not limited to, Fingerprint Identification Number System ("FINS") numbers and Federal Bureau of Investigation ("FBI") numbers—can be assigned to a person's fingerprints, thereby distinguishing that person's fingerprints in law enforcement databases from another person's fingerprints. In many cases, DHS and

Complaint - 2
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  other government agencies utilize FINS and FBI numbers to associate unique fingerprint
2  records and information with a specific individual.

3       b.   Moreover, when a person is fingerprinted by DHS agencies, such as
4  ICE, those unique fingerprint identifiers are associated with an individual's unique Alien
5  Registration Number ("A-number") and Alien File ("A-file"). An A-file typically
6  contains official documentation regarding a person's deportation or removal history as
7  well as evidence of their alienage. That A-file is maintained in DHS custody, and
8  documents and information from that A-file are uploaded to official DHS databases that
9  can be accessed to determine, among other things, whether a person has been removed or
10 deported from the United States, whether that person is a foreign national, and whether
11 that person has been lawfully admitted into the United States, pursuant to, for example, a
12 nonimmigrant visa.

13   4.   Generally, after an arrest for a criminal offense, a person's biometric
14 fingerprint information is obtained by the arresting law enforcement agency and enrolled
15 into a nationwide repository for criminal history records as part of a normal booking
16 process. That information is then associated with a unique identification number for the
17 person's fingerprints, typically the FBI number, which is searchable within various law
18 enforcement indices and comparable with other government records, including those
19 belonging to DHS and those associated with an A-file and A-number. A match between
20 fingerprint identifiers can therefore be used to confirm the identity of a person associated
21 with specific records, including immigration records indicating whether that person is
22 amenable to immigration enforcement action.

23   5.   The facts set forth in this Complaint are based on my own personal
24 knowledge; knowledge obtained from other individuals during my participation in this
25 investigation, including other law enforcement personnel; review of documents and
26 records related to this investigation; communications with others who have personal
27 knowledge of the events and circumstances described herein; and information gained

Complaint - 3
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  through my training and experience. This Affidavit is intended to merely show there is
2  sufficient probable cause for the above charge and does not set forth all my knowledge
3  about this matter.

4      6.   As further detailed below, based on my investigation and the investigation
5  of other law enforcement officers, I submit there is probable cause to believe that
6  Defendant, who was previously removed from the United States, was found in the United
7  States after knowingly and voluntarily reentering the United States without prior
8  authorization to do so.

## SUMMARY OF PROBABLE CAUSE

10     7.   On or about January 19, 2023, the ICE Law Enforcement Support Center
11 ("LESC")—an ICE center responsible for processing biometric and biographic
12 immigration alien queries originating from federal, state, and local law enforcement
13 agencies—received an electronic notification based on biometric fingerprint information
14 that on January 18, 2023, HERNANDEZ-TALAVERA was arrested by the Everett
15 Police Department in Everett, Washington, within the Western District of Washington,
16 for Revised Code of Washington (RCW) 9A.36.041(2) – Assault in the Fourth Degree.
17 At this time, ICE did not take any enforcement action.

18     8.   On or about November 24, 2025, HERNANDEZ-TALAVERA came to the
19 attention of LESC following his arrest on November 23, 2025, by the Snohomish County
20 Sheriff's Office in Everett, Washington. HERNANDEZ-TALAVERA was arrested for
21 Possession of a Stolen Vehicle, Possession of Stolen Property in the Third Degree,
22 Making or Possessing Motor Vehicle Theft Tools, Possession of a Controlled Substance,
23 and Resisting arrest, in violation of RCWs 9A.56.068, 9A.56.170, 9A.56.063,
24 69.50.4013(1)(a), and 9A.76.040(1), respectively. HERNANDEZ-TALAVERA was
25 booked into Snohomish County Jail under the name of "Miguel Sanabria Ceja."

26     9.   On November 24, 2025, I reviewed HERNANDEZ-TALAVERA's
27 immigration record and other records associated with HERNANDEZ-TALAVERA's

Complaint - 4
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unique fingerprint identifier. This is the unique fingerprint identifier that matches the fingerprints of the person arrested on January 19, 2023, by the Everett Police Department, and on November 24, 2025, by the Snohomish County Sheriff's Office, as described above. The matching unique fingerprint identifiers for both arrests shows that "Oscar Hernandez-Talavera" and "Miguel Sanabria Ceja" are one and the same individual.

10. Based on my review, I learned the following about HERNANDEZ-TALAVERA's immigration history:

    a. HERNANDEZ-TALAVERA is a native and citizen of Mexico.

    b. On or about May 27, 2010, ICE encountered HERNANDEZ-TALAVERA after Monroe Police Department released him to ICE custody on an immigration detainer. On August 6, 2010, an immigration judge ordered HERNANDEZ-TALAVERA to be removed to Mexico. On August 7, 2010, ICE physically removed him to Mexico.

    c. On or about January 15, 2012, United States Border Patrol detained HERNANDEZ-TALAVERA in the United States at or near Sasabe, Arizona for illegally reentering the United States without prior authorization. On January 16, 2012, his prior order of removal was reinstated. ICE physically removed him to Mexico on January 19, 2012.

11. HERNANDEZ-TALAVERA's A-file and other DHS indices contain no record reflecting any application, nor permission from the Secretary of Homeland Security nor the United States Attorney General, to reenter the United States following his January 19, 2012, removal. Based on my training and experience, I know that a record reflecting such application or permission would ordinarily be found in the A-file and/or DHS indices.

12. Based on the foregoing, I have probable cause to believe that HERNANDEZ-TALAVERA was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney

Complaint - 5
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970


General or the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, § 1326(a).

## CONCLUSION

13. Based on the above facts, I respectfully submit that there is probable cause to believe that the defendant committed the aforementioned offense.

Robert Chin, Complainant
Deportation Officer
U.S. Immigration & Customs Enforcement

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 26th day of November 2025

S. KATE VAUGHAN
United States Magistrate Judge

Complaint - 6
United States v. Hernandez-Talavera

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970